Yevgeniy Chechenin (CA Bar # 242469)
Community Legal Centers
P. O. Box 605
San Mateo, CA 94401
Telephone: (650) 347-6191

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Jian Jin, | ) |
| | ) |
| Plaintiff, | ) Case No. C 07-02947 MEJ |
| | ) |
| v. | ) |
| | ) |
| Alberto Gonzales, United States Attorney General; | ) USCIS Agency No. A099-041-130 |
| Michael Chertoff, Secretary of the Department of | ) |
| Homeland Security; | ) |
| Emilio Gonzalez, Director of United States | ) Date:         Dec. 20, 2007 |
| Citizenship and Immigration Services (USCIS); | ) Time:         10:00 a.m. |
| Rosemary Melville, Director of USCIS | ) Courtroom:  B, 15th floor |
| San Francisco District Office; | ) |
| Rober S. Mueller, Director of the Federal Bureau | ) |
| of Investigation (FBI), | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

**AND MEMORANDUM OF POINTS AND AUTHORITIES**

Page 1

**PLEASE TAKE NOTICE** that on December 20, 2007 at 10:00 a.m., or as soon thereafter as the parties may be heard, Plaintiff Jian Jin will bring for hearing a motion for summary judgment on his petition for writ of mandamus. The hearing will take place before the Honorable Maria-Elena James, Courtroom B, 15th floor, 450 Golden Gate Ave., San Francisco, California. Pursuant to Fed. R. Civ. P. 56(c), Plaintiff respectfully files this motion for summary judgment. He asserts that there is no genuine issue of material fact in dispute and that he is entitled to judgment as a matter of law. Plaintiff filed a petition for writ of mandamus under the Administrative Procedures Act (APA) because Defendants, in violation of 8 U.S.C. §§ 555(b) and 706(1), have unreasonably delayed action on Plaintiff's I-485 application for adjustment of status. The application was filed on July 29, 2005 and remains unadjudicated.

## UNDISPUTED FACTS

Plaintiff is an applicant for adjustment of status to lawful permanent resident who filed an I-485 application on July 29, 2005 based on an I-140 petition filed by his employer. Subsequently to the submission of his I-485 application, Plaintiff has been fingerprinted by USCIS and has complied with all the requests made by the Defendants. USCIS has not adjudicated Plaintiff's I-485 application and the application remains pending. On March 6, 2007, USCIS notified Plaintiff that his I-485 application had been transferred to its Nebraska Service Center.

Due to the delay in adjudication of his I-485 application, Plaintiff has been unable to obtain the status of a United States legal permanent resident, travel and work without restriction and accrue time to be eligible for naturalization as a United States citizen.

On June 6, 2007, Plaintiff filed his petition for a writ of mandamus seeking this Court to compel Defendants to adjudicate his I-485 application within a 30-day period. On August 8, 2007, Defendants submitted their answer to Plaintiff's petition for writ of mandamus. The parties filed a joint Case Management Statement setting October 26, 2007 as the deadline to submit Cross-Motions for Summary Judgment in this action.

## ARGUMENT

Summary judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In order to obtain mandamus, Plaintiff must show that "(1) [his] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997).

Summary judgment should be granted in this case because Defendants owe Plaintiff a nondiscretionary duty to adjudicate his application for adjustment of status, the agency has unreasonably delayed adjudication of Plaintiff's I-485 application and there is no adequate remedy available to him.

**A. Defendants owe plaintiff a nondiscretionary duty to adjudicate his application.**

The situation in the case at hand is similar to the fact pattern in Singh v. Still, 470 F. Supp. 2d 1064 (N.D. Cal. 2007). The plaintiff in that case filed two applications for adjustment of status. Both applications remained unadjudicated due pending FBI name check. Id. at 1065.

Defendants in Singh conceded that they had "a mandatory duty to act on Mr. Singh's applications." Singh, 470 F. Supp. 2d at 1068. Furthermore, the Court found that "[r]egulations support there being such a duty" and held that "this duty to act is not discretionary." Id.

> The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial. . . If the application is approved, the applicant's permanent residence shall be recorded as of the date of the order approving the adjustment of status.

8 C.F.R. § 245.2(a)(5)

Based on the clear regulatory language, the agency has a duty to adjudicate Plaintiff's application. See Yu v. Brown, 36 F. Supp. 2d 922, 931 (D.N.M. 1999) (agency has "a non-discretionary duty to process applications for LPR status as well as other applications"). Many other district courts held that Defendants' duty of adjudicating I-485 applications is not discretionary. See Song v. Klapakas, 2007 U.S. Dist. LEXIS 27203, at *11 (E.D. Penn. Apr. 12, 2007), Duan v. Zamberry, 2007 U.S. Dist LEXIS 12697, at *11 (W.D. Penn. Feb. 23, 2007), Razaq v. Poulos, 2007 U.S. Dist. LEXIS 770, at *4 (N.D. Cal. Jan. 8, 2007).

Consequently, based on Defendants' own concession in Singh 470, F. Supp. 2d at 1068, clear regulatory authority and this Court's precedent, Defendants owe a non-discretionary duty to adjudicate Plaintiff's application for adjustment of status.

**B. Plaintiff's application has been delayed for an unreasonable amount of time.**

The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it . . . ." 5 U.S.C. § 555(b). In addition, the federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed . . . ." 5 U.S.C. § 706(1).

A number of courts have stated that "petitioners whose applications for adjustment in status are properly before the INS . . . have a right, enforceable through a writ of mandamus, to have the applications processed within a reasonable time." Fu v. Reno, 2000 U.S. Dist. LEXIS 16110, at *13-14 (N.D. Tex. Nov. 1, 2000); see also Paunescu v. INS, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999).

As this Court observed, "[i]n cases where courts have addressed the specific issue of whether there has been unreasonable delay in processing an immigration status application, courts have typically 'looked to the source of the delay – e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." Singh, 470 F. Supp. 2d. at 1068.

There is no evidence in the case at hand that the delay is caused by Plaintiff. In fact, Defendants conceded that Plaintiff has been fingerprinted and has complied with all the requests made by Defendants regarding his I-485 application. Defendant's Answer, p. 2, ¶ 17. Thus, the delay is not cased by Plaintiff.

Defendants may argue that the delay in adjudicating Plaintiff's I-485 is not caused by USCIS but caused by the FBI, the agency that conducts the required background checks for USCIS. However, as the Singh court explained, Defendants' "attempt to divorce themselves from the FBI is unavailing. The critical issue is not whether a particular branch of the federal government is responsible for the delay; it is whether the individual petitioner versus the government qua government is responsible." Singh, 470 F. Supp. 2d. at 1068. Furthermore, Director of the FBI is named as a defendant in this action. Thus, Defendants are responsible for the delay.

According to the information provided by USCIS California Service Center to the public, as of October 15, 2007, its average processing time for employment-based I-485 applications was 6 months.  See USCIS California Service Center Processing Dates, available at https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=CSC (visited on October 23, 2007).  As of October 15, 2007, the USCIS Nebraska Service Center was processing employment-based I-485 applications submitted on December 19, 2006, almost one year and five months after July 29, 2005, the date when Defendants received Plaintiff's I-485 application.  See USCIS Nebraska Service Center Processing Dates, available at https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=NSC (visited on October 23, 2007).

As this Court observed, the average times for processing applications and security checks "offer a good indicator of whether a delay is reasonable."  Konchitsky v. Chertoff, 2007 U.S. Dist LEXIS 53998, *13 (N.D. Cal. 2007).  The agency is currently processing applications filed more one year and four months after Plaintiff's application and Defendants have not explained why they delayed adjudication of Plaintiff's application for such an extended period of time.

Defendants may argue that Plaintiff's I-485 remains unadjudicated because national security concerns require them to complete the necessary security checks prior to making a decision on his application.  A similar argument was made in Singh, where Defendants claimed that "national security is an overarching concern in completing the name check."  Singh, 470 F. Supp. 2d. at 1069.  However, this Court pointed out that though "national security is a compelling priority . . . the mere invocation of national security is not enough to render agency delay reasonable per se."  Id.

Here, Defendants have provided no information that would indicate that Plaintiff poses any risk to the national security. Similarly to the petitioner in <u>Singh</u>, Plaintiff has been lawfully present in the United States since 1995 and "the government has done nothing to challenge his presence . . . " <u>Singh</u>, 470 F. Supp. 2d. at 1069.

Furthermore, Plaintiff's interests affected by the delay are substantial. Due to Defendants' failure to act on Plaintiff's I-485 application, his ability to travel is significantly impaired, as he needs to request permission from USCIS to leave the country if he plans to travel. He is unable to file immigrant visa petitions for immediate family members, and, most importantly, his eligibility to seek United States citizenship with all the unique benefits it gives its holders is delayed indefinitely. Moreover, while his application is pending, Plaintiff has to remain in limbo, without any definite immigration status in the United States other than "adjustment applicant."

The United States District Court for the Eastern District of California recently granted a motion for summary judgment in a case factually nearly identical to the case at hand. <u>Liu v. Chertoff</u>, 2007 U.S. Dist. LEXIS 61772 (E.D. Cal. August 22, 2007). In <u>Liu</u>, similarly to this case at hand, the applicant had been waiting for a decision on his employment-based I-485 application for nearly two years prior to filing a petition for mandamus relief. <u>Liu</u>, 2007 U.S. Dist. LEXIS 61772 at *5.

The <u>Liu</u> court said:

> In short, while there is no specific time frame imposed on Defendants to process I-485 applications, delay of more than two-and-a-half years is unreasonable under the specific circumstances, because there is no evidence in the record demonstrating that the delay is attributable to Plaintiffs nor is there any particularized evidence in the record sufficiently explaining the reasons for the extended delay. Moreover, the unexplained delay is exacerbated by the fact that it has occurred in the immigration arena and has prejudiced Plaintiffs.

Liu, 2007 U.S. Dist. LEXIS 61772 at *22.

When taking into account the length of the delay, Defendants' failure to explain the delay, and the prejudice Plaintiff is suffering as a result of the delay, it should be found unreasonable. See Konchitsky, 2007 U.S. Dist. LEXIS 53998 at *15 ("without a particularized explanation for the delay, the court finds the more than two year delay of plaintiff's application unreasonable as a matter of law"); Gelfer v. Chertoff, 2007 U.S. Dist. LEXIS 26466, *5 (N.D. Cal. 2007) (holding that a more than two year delay was not reasonable as a matter of law).

Furthermore, Plaintiff has no other adequate remedy as "'[w]aiting for an agency to act cannot logically be an adequate alternative to an order compelling the agency to act.'" Singh, 470 F. Supp. 2d at 1071 (quoting Fu, 2000 U.S. Dist. LEXIS 16110, at *15).

## CONCLUSION

Defendants have violated their nondiscretionary duty to adjudicate Plaintiff's application for adjustment of status within a reasonable period of time.  As Defendants have failed to act on Plaintiff's application, this Court should grant Plaintiff's motion for summary judgment and order Defendants to adjudicate Plaintiff's application for adjustment of status within 30 days of this Court's order.

Dated:  October 24, 2007

Respectfully Submitted,

/s/

Yevgeniy Chechenin, Esq.,
Attorney for Plaintiff
P.O. Box 605
San Mateo, CA 94401
Telephone: (650) 347-6191